IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GLORIA D. BENNETT, AIS#261735, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 2:09-CV-933-TMH ) [WO] ) ) |
| ALA. DEPT. OF CORRECTIONS, et al., | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Gloria D. Bennett ["Bennett"], a state inmate, makes general allegations regarding the treatment of female inmates in the Alabama prison system. *Plaintiff's Complaint Court Doc. No. 1* at 2-3. Bennett also complains that more men are released on parole than are women and asserts women should be given preferential parole consideration because "women are wife, mother, grandmother [and] women are need[ed] more than men..." *Id.* at 3.[1] Bennett names the Alabama Department of Corrections and the Alabama Board of Pardons and Paroles as defendants in this cause of action.

Upon review of the complaint, the court concludes that this case is due to be

---

[1] The preferential treatment for women sought by the plaintiff is prohibited by the Equal Protection Clause as it is clear beyond cavil that a state agency cannot favor women over men based solely on their gender.

summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## DISCUSSION

The law is well-settled that state agencies are absolutely immune from suit. *Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State or its agency consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). The claims lodged against the Alabama Department of Corrections and the Alabama Board of Pardons and Paroles are therefore frivolous as such claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[3] In light of the foregoing, the court concludes that the plaintiff's complaint is subject to summary dismissal pursuant to the directives of 28 U.S.C.§ 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

---

[2] The court granted Bennett leave to proceed *in forma pauperis*. Order of October 8, 2009 - Court Doc. No. 3. A prisoner who is allowed to proceed *in forma pauperis* will have her complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

[3] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

ORDERED that on or before October 27, 2009, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of those issues covered in the Recommendation and shall bar the party from attacking on appeal any factual findings contained in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of October, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE